**ORIGINAL**

CIVIL RIGHTS COMPLAINT
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Charles Nielsen

        Plaintiff,

-against-

Michael R. Bloomberg, Mayor--NYC
Raymond W. Kelly, Police Commissioner NYC
Andrew Amplo, DT3, Shield # 03667
John Doe # 1,  Supervisor--NYPD
John Doe # 2,  NYPD-Detective, BNNT
John Doe # 3,  NYPD-Detective, BNNT
John Doe # 4,  NYPD-Detective, BNNT
John Doe # 5,  NYPD-Detective, BNNT
John Doe # 6,  NYPD-Detective, BNNT
John Doe # 7,  NYPD-Detective, BNNT
John Doe # 8,  NYPD-Detective, BNNT

        Defendant's,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 14 2011 ★
BROOKLYN OFFICE

COMPLAINT
under
42 U.S.C. § 1983

CV11-00806

IRIZARRY, J.

LEVY M.J.

Jury Trial: YES

---

1. Previous Lawsuits:

   A. Have you begun other lawsuits in State or Federal Court dealing with the same facts involved in this action or otherwise relating to your imprisonment??

      Yes(XXX)   or   No( )

   B. If your answer to A is yes, describe each lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

     1. Parties to this previous lawsuit:

       Plaintiffs:  SAME AS ABOVE

       Defendants: NYC-Police Dept./ Andrew Amplo # 03667
                  John Doe # 1 thru John Doe # 8

     2. Court (if federal court, name the district; if state court, name the county.)
       KINGS COUNTY

     3. Docket Number: INDEX # 14299/10

4. Name of the Judge to whom case was assigned: <u>NOT ASSIGNED</u>

5. Disposition:(for example: Was the dismissed?  Was it appealed?  Is it still pending?
   <u>                STLL PENDING                </u>

6. Approximate date of filing lawsuit: <u>JUNE 9, 2010</u>

7. Approximate date of disposition: <u>          OPEN          </u>

2. Place of Present Confinement: <u>ULSTER CORRECTIONAL FACILITY</u>
   <u>P.O. Box 800, Napanoch, N.Y. 12458</u>

   A. Is there a prisoner grievance in this institution? Yes(XX) No( )

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes( )   No(XX)

   C. If your answer is YES,

      1. What steps did you take?_____

      2. What was the result?_____

   D. If your answer is NO, explain why not, <u>NOT A PRISON RELATED</u>
      <u>█████.   CLAIM.</u>

   E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes( )   No( ) N/A(XX)

   F. If your answer is YES,

      1. What steps did you take?_____N/A_____

      2. What was the result?_____N/A_____

3. PARTIES:

    A. Name of Plaintiff: Charles Nielsen
Ulster Correctional Facility
P.O. Box 800
Napanoch, New York 12458

    B. <u>Name of Defendants</u>: (full name and addresses at which each defendant may be served.)

| | |
|---|---|
| Defendant No. 1 : | Michael R. Bloomberg, Mayor NYC<br>The Executive Office of the Mayor<br>City Hall<br>New York City, New York 10007 |
| Defendant No. 2 : | Raymond W. Kelly, Police Commissioner<br>1 Police Plaza<br>New York, New York 10038 |
| Defendant No. 3 : | Andrew Amplo, DT3, Shield # 03667<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No. 4 : | John Doe # 1, Supervisor  BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No. 5 : | John Doe # 2, NYPD-Detective, BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No. 6 : | John Doe # 3, NYPD-Detective, BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No. 7 : | John Doe # 4, NYPD-Detective, BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No. 8 : | John Doe # 5, NYPD-Detective, BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No. 9 : | John Doe # 6, NYPD-Detective, BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No.10 : | John Doe # 7, NYPD-Detective, BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |
| Defendant No.11 : | John Doe # 8, NYPD-Detective, BNNT<br>179 Wilson Avenue<br>Brooklyn, New York 11237 |

4.  (State briefly and concisely, the <u>facts</u> of your case. Include the date(s) of the event(s) alleged as well as the location where the the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8½ by 11 sheets of paper.)

|  |
|---|
| \*\*\*   SEE ATTACHED   \*\*\* |
| \*\*       4-PAGES      \*\* |
|  |
| \*\*\*   SEE ATTACHED   \*\*\* |
| \*\*       4-PAGES      \*\* |
|  |

4(a) If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

Mulitple facial bumps and bruses. Perminet scar above left eye--

brow, 2-inch scar perminet on left cheek bone. Fractured nose,

Lower back pain, Right schoulder and collar bone fracture. Loss

of hearing in left-ear, partial right-ear hearing loss. No feel-

ing in right hand pinking finger and thumb.

MEDICAL TREATMENT WAS RECIEVED- YES.

- 4 -

The complaint of Plaintiff Charles Nielsen Respectfully shows and alleges as follows:

1. Defendant Michael R. Bloomberg was(and still is) Mayor of the City of New York at the time of the incident complained of. In his Individual Capacity as Mayor, He is responsible for overseeing and supervising all New York City Departmental Agencies, including the New York City Police Department. Those duties include, but are not limited to, Hiring-(Firing) departmental heads, as well as monitoring the conduct and competency of them. As such he is responsible to ensure that those leaders and the individuals they supervise Act within the lawful scope of thier authority, reviewing conduct which is detrimental to the public they are sworn to protect.

2. Defendant Raymond W. Kelly was(and still is) Police Commissioner of the New York City police Department at the time of the incident complained of. He is charged in his Individual Capacity with reviewing and apprasing the conduct of it's member's, namely Police Officers, Detectives, and thier Superiors, and reviewing thier performance. He reports directly to Defendant Michael R. Bloomberg and is Ultimately in charge of investigating All allegations of misconduct and Malfeasance on part of it's members.

3. Plaintiff Charles Nielsen, on February 21, 2008, at approximately 5:30pm was walking along Schaeffer Street towards Knickerbocker Avenue in Brooklyn, New York when a civilian automoblie raced towards Plaintiff Nielsen, 2-people jumped out of the vehicle, (Defendant Andrew Amplo # 03667 and John Doe # 2 ) rushing towards plaintiff Nielsen grabbing and forcing-(threw) plaintiff Nielsen against the wall of building while not identifying themselves as NYPD-Detectives, Nor having anything displayed, such as a Shield or Police Badge identifying them as such Officers' of the NYPD, Nor having any kind of Insignia on themselves that would also identify themselves as that of being the New york City Police Department or Detectives.

4. Defendant Andrew Amplo # 03667 searched plaintiff Nielsens' pockets and recovered a small amount of a substance purported to be a controlled substance and told John Doe # 2 to radio it in for the transportation vehicle and team along with Defendant John Doe # 1 Supervisor.

5. On February 21, 2008 at approximately 5:30pm plaintiff Nielsen was placed under arrest by defendant Andrew Amplo # 03667 of the New York City Police Department.

6. Defendant Andrew Amplo # 03667 took plaintiff Nielsens' right hand and placed behind back to handcuff, then proceeded to take plaintiff Nielsens' left hand and to be placed behind back for handcuffing.

7. Defendant John Doe # 2 after radioing Defendant John Doe # 1 Supervisor along with the transportation vehicle and Team to location, defendant John Doe # 2 approached plaintiff Nielsen on left-side.

8. Defendant John Doe # 2 approached plaintiff Nielsen on the left-side from behind and punched plaintiff Nielsens' left-side under ribcage, kidney area causing plaintiff Nielsen to double over-(Bendover.)

9. Once plaintiff Nielsen doubled over, Defendant Andrew Amplo # 03667 grabbed plaintiff Nielsen along with Defendant John Doe # 2 forcing plaintiff Nielsen to the ground while dragging plaintiff along the concrete.

10. Approaching Transportation Vehicle and Team along with John Doe # 1 Supervisor observed Defendant's, Andrew Amplo # 03667 and John Doe # 2 with plaintiff Nielsen on the ground.

11. Once Transportation Vehicle and Team, along with John Doe # 1 Supervisor arrived with Defendants' John Doe # 3, John Doe # 4, John Doe # 5, John Doe # 6, John Doe # 7, John Doe # 8.

12. <u>ALL</u> of the defendants', John Doe # 1 Supervisor, John Doe # 3, John Doe # 4, John Doe # 5, John Doe # 6, John Doe # 7, John Doe # 8 rushed out of vehicles and all began punching me about the head and body, kicking my back and kneeing my lower back with pressure while continually dragging plaintiff Nielsen along the concrete ground.

13. Defendant John Doe # 1 Supervisor not only was a witness, but was a active participant in the assault on plaintiff Nielsen and did not attempt to stop the assault.

14. After approximately 15 to 20 minutes of continually assaulting plaintiff Nielsen, Two_(2) of the defendant John Doe's-(unknown which ones) picked plaintiff Nielsen up off the ground and placed plaintiff nielsen in the back of the transportation vehicle.

15. At no time prior to placing plaintiff Nielsen in the back of the transportation vehicle was any medical attention or assistance given to plaintiff Nielsen, or called for treatment.

16. Plaintiff Nielsen handcuffed and needing medical treatment road around in the defendant's transportation vehicle alone and hurt for approximately 45-minutes to 1-hour before another arrested person was arrested.

- 2 -

17. Plaintiff Nielsen continued to be denied medical treatment and assistance while riding around in transportation vehile for approximately 4 to 5 hours total until defendant's retired for the night to the 83rd precinct for booking and arrest.

18. On February 21, 2008 at approximately 5:30pm Plaintiff Charles Nielsen, before being placed in the transportation vehicle Van suffered from the, ALL Defendant's Assault, multiple facial bumps, bruses, abrasions, cut above left eye brow, left cheek cut opn on cheek bone, fractured nose, lower back pain, no feeling in both hands from hand-cuffs to tight and not dead-locked.

19. On february 21, 2008 while inside transportation vehicle, Van riding around with Two-(2) other arrestee's, plaintiff Nielsen started having chest pains and problems breathing due to asthma in which Defendant's John Doe # 7 and John Doe # 8 was informed about Plaintiff Nielsens' condition by the two other aresstees, as well as the defendant's could see for themselves through a slot in the panel of van from the front of vehicle, but did nothing but continued to ride around for approximately 4 to 5 hours to fulfill thierquoter before retiring to the 83rd precinct for booking.

20. While at the 83rd precinct no medical attention was provided, or called for for assistance for the plaintiff, plaintiff was informed,"You'll live until you get to Central Booking and see Medical there.

21. On February 21, 2008 was informed by arresting defendant Andrew Amplo # 03667 and John Doe # 1 Supervisor that the longer I,(Plaintiff) complained the longer it,(booking) would take to get to Central Booking and see Medical there.

22. On February 21, 2008, at the 83rd precinct was informed by arresting defendant Andrew Amplo # 03667 and John Doe # 1 Supervisor, that nothing happened, otherwise if I said I was assaulted I would be charged and arrested for assaulting a Officer, and stated "believe me it's been done and it will stick, it's been done before and we know how to make things like this stick.

23. Defendant's Andrew Amplo # 03667 and John Doe # 1 Supervisor stated you know what happens in the system for assaulting a Police officer. Keep quite and say you had a asthma attack and fell hitting your head, and they-(defendants) would get me out quicker without losing my paperwork.

24. By reason of facts and circumstances stated above, Defendant's has and have violated my Federal Rights and Civil Rights.

- 3 -

25. By reason of the facts and circumstances stated above, the defendant's negligent police hiring, training and retention of police which led to the excessive use of force resulting in the assault and battery on plaintiff raised in this complaint.

*Charles Nielsen*
Signature of Plaintiff

Charles Nielsen
Print name

Ulster Correctional Facility

P.O. Box 800

Napanoch, New York  12458

09-A-3691
Prisoner I.D. #

5. Relief:

State what relief you are seeking if you prevail on your complaint.

Money damages for injuries suffered, including compensation for past, present and future pain and suffering in the amount of TEN MILLION ( $10.000.000. ) DOLLARS.

I declare under penalty of perjury that on                               I delivered this complaint to prison authorities to be mailed to the Unites States District Court for the Eastern District of New York.

Signed this 10th day of Febuary, 2011. I declare under penalty of perjury that the foregoing is true and correct.

*Charles Nielsen*
Signature of Plaintiff

ULster Correctional Facility
Name of Prison Facility

P.O. Box 800

Napanoch, New York 12458
Address of

09-A-3691
Prisoner I.D. #

- 5 -